UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEREN R. PLUMMER,

    Plaintiff,

                                                Case No. 2:16-cv-13059
                                                HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#19), OVERRULING DEFENDANT'S FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, NINTH AND TENTH OBJECTIONS (#20), SUSTAINING DEFENDANT'S EIGHTH OBJECTION (#20) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#13), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#17), AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross Motions for Summary Judgment pertaining to Plaintiff Keren Plummer's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for supplemental security income benefits. The matter was referred to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on May 31, 2017, recommending the Plaintiff's Motion for Summary Judgment be granted,

Defendant Commissioner's Motion for Summary Judgment be denied, and Plaintiff's case be remanded for further proceedings. Defendant filed objections to the Report and Recommendation on June 7, 2017.

For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's report and recommendation and concludes that the findings of the Commissioner are not supported by substantial evidence, and therefore entry of remand for further proceedings is warranted.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

## III. ANALYSIS

### A. Commissioner's Mental Health Related Objections (#1 through #5)

In her report and recommendation, the magistrate judge concludes that substantial evidence does not support the ALJ's conclusion with respect to the Plaintiff's mental health conditions. Specifically, the magistrate judge found that the ALJ mischaracterized Plaintiff's mental health as stable and improving over time. For instance, the magistrate judge concluded that the ALJ improperly determined that Plaintiff's low GAF scores of thirty-seven and forty-two were not representative of her "ongoing normal functionality." Based on this conclusion, the ALJ afforded little weight to these low GAF scores. Reviewing the totality of the medical records, Plaintiff's testimony and the other record evidence, the magistrate judge found that the ALJ erred in concluding that Plaintiff's low GAF scores were during a period of exacerbation and not reflective of her normal mental functioning.

The Commissioner objects to the magistrate judge's conclusion and argues that "[t]he ALJ permissibly discounted the 2013 GAF scores[.]" Contrary to the

Commissioner's objection, the magistrate judge correctly concluded that the ALJ's decision to afford little weight to the Plaintiff's low GAF scores was inconsistent with the other record evidence.

"A GAF score is a 'subjective rating of an individual's overall psychological functioning,' which may assist an ALJ in assessing a claimant's mental RFC." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 835 (6th Cir. 2016) (quoting *Kennedy v. Astrue,* 247 F. App'x 761, 766 (6th Cir. 2007)). The *Miller* court noted that courts must "take a case-by-case approach to the value of GAF scores." *Id*. at 836.

The ALJ supported her decision to afford little weight to Plaintiff's low GAF scores based on Plaintiff's "activities of daily living, her presentation during the hearings, and her lack of taking prescribed medications suggest that she is much more capable than the progress notes from the Monroe Community Mental Health Authority suggest." However, the record evidence is not consistent with these findings.

For instance, the ALJ concluded that Plaintiff "is able to care for her children, she has no problems caring for her personal needs, and she prepares meals daily." However, Plaintiff completed a function report on September 23, 2013, wherein she indicated that she cared for her children with the help of her cousin, who lived with the Plaintiff. She described going days without changing her clothing or bathing. Her cousin had to remind her to take a shower. She

further indicated that she prepared meals "once or twice a week[,]" but used to "cook everyday[sic] for my family but I can't stand to[sic] long in the kitchen." Moreover, Plaintiff testified at the hearing before the ALJ that she "babys[at]" her twelve year old son once a week when her cousin was at work and described her son as "pretty self-sufficient."

Additionally, Plaintiff's medical records post 2013 reveal that Plaintiff continued to suffer from bipolar disorder, generalized anxiety disorder and schizoaffective disorder. In October of 2014, Plaintiff was seen at the Monroe Community Mental Health Authority and was assessed a GAF score of 43. Her records note that she gets overwhelmed by the amount of medical appointments she has scheduled. On December 10, 2014, Plaintiff was again seen at the Monroe Community Mental Health Authority and was assessed a GAF score of 40. Pg ID 627.

The Commissioner incorrectly argues that the magistrate judge found that "the ALJ had to put more weight on certain GAF scores from mid-to-late 2013." However, this is a misrepresentation of the magistrate judge's conclusion. She did not so hold, rather she acknowledged that the ALJ is not required to give any weight to Plaintiff's GAF scores. The magistrate judge's findings with respect to Plaintiff's GAF scores center on the ALJ's erroneous interpretation of the record evidence to conclude that Plaintiff's low GAF scores in 2013 were an aberration

from her normal functioning. As such, the Commissioner's first objection is overruled.

Next, the Commissioner argues that the ALJ reasonably found the GAF scores should be afforded little weight because they were unsupported by objective evidence. The Commissioner again mischaracterizes the magistrate judge's report and recommendation, which found that the ALJ misrepresented Plaintiff's mental health evidence. Here again, the record evidence shows that the ALJ ignored the objective evidence in the record to reach her conclusion. "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." *Bartley v. Astrue*, No. 07-89-B-W, 2008 U.S. Dist. LEXIS 50209 (D. Me. Jun. 30, 2008)(citing 20 C.F.R. § 416.928(b)).

Here, the record is replete with "specific psychological abnormalities . . . of behavior, mood, thought . . . [and] perception." Plaintiff suffers from depression, irritability, racing thoughts, and excessive hair pulling. She isolates herself from others and sees images of mice in her home and also experiences auditory hallucinations. The Commissioner's second objection is overruled.

The Commissioner's next objection asserts that the magistrate judge incorrectly held that Plaintiff's 2013 GAF scores should be carried forward. Thus,

the Commissioner argues that the ALJ did not need to assume the 2013 GAF scores applied in later years. The Commissioner's third objection is yet another mischaracterization of the magistrate judge's report and recommendation. Nothing in the report and recommendation suggests that the ALJ should have applied the 2013 GAF scores to subsequent years. Rather, the magistrate judge's discussion of Plaintiff's mental health records in 2014 and 2015 highlighted the fact that the ALJ's conclusion that the 2013 GAF scores were not representative of Plaintiff's mental health status is not supported by substantial evidence. The Commissioner's third objection is overruled.

The Commissioner next objects to the magistrate judge's conclusion that the ALJ erred by finding Plaintiff's failure to pursue treatment inconsistent with disabling limitations. Again, the Commissioner misrepresents the magistrate judge's conclusion. The magistrate judge found that substantial evidence does not support the ALJ's conclusion concerning Plaintiff's mental health status. The magistrate judge provided several examples of the ALJ's mischaracterization of the evidence, including the ALJ's conclusion that Plaintiff's failure to attend treatment sessions suggested that her mental health was better than she claimed. Contrary to the ALJ's conclusion, Plaintiff's failure to attend treatment sessions was a symptom of her mental health condition. The record is replete with notes in

Plaintiff's medical files that she feels overwhelmed by the amount of appointments she has scheduled.

While repeated failure to pursue treatment may be a permissible factor to consider under certain circumstances, it is inappropriate in this instance because it is a mischaracterization of the evidence. The cases relied on by the Commissioner are factually distinguishable from the facts present here. *See Bazzi v. Colvin*, No. 14-11205, 2015 WL 1245894 (E.D. Mich. Mar. 18, 2015)(concluding that the ALJ's reference to the plaintiff's lack of treatment was not improper because the evidence of record had no explanation for the lack of treatment other than the plaintiff's extrapolation from the medical notes in his reply brief); *Jacques v. Comm'r of Soc. Sec.*, No. 12-cv-12056, 2013 WL 1843404, at *7 (E.D. Mich. Feb. 20, 2013)(concluding that lack of treatment for mental health issues was inconsistent with a finding of disability where "there [wa]s no evidence that Plaintiff ever sought treatment for any issues[.]"); *Klein v. Comm'r of Soc. Sec.*, No. 09-13516, 2010 WL 3476441, at *3 (E.D. Mich. Sept. 3, 2010)(finding that it was appropriate for the ALJ to take into consideration the plaintiff's failure to seek treatment for his depression).

In this case, the ALJ's conclusion that Plaintiff's failure to attend treatment sessions evidences a lack of disabling condition was not supported by the record. Contrary to the plaintiffs in *Jacques* and *Klein*, plaintiff sought mental health

treatment for her bipolar disorder, depression, schizoaffective disorder and anxiety disorder. Her treatment notes reveal that her mental health symptoms contributed to her feeling overwhelmed by the amount of medical appointments she had scheduled which caused her to miss some treatment sessions. The magistrate judge was correct in finding that the ALJ mischaracterized the significance of Plaintiff's attendance at treatment sessions. The Commissioner's fourth objection is overruled.

Lastly, the Commissioner asserts that she did argue harmless error with regard to Plaintiff's 2013 GAF scores. This objection is likewise overruled. The magistrate judge correctly concluded that the ALJ's mischaracterization of, and selective recitation of the medical evidence, was not harmless error because the ALJ's erroneous conclusions with respect to Plaintiff's mental health status were used in creating the residual functional capacity ("RFC") finding.

**B.     Commissioner's headache related objections (#6 and #7)**

The Commissioner argues it was error for the magistrate judge to find that the ALJ erred by finding that Plaintiff was off all medications for all conditions. The Commissioner mischaracterizes the magistrate judge's conclusion. The magistrate judge thoroughly analyzed the two interpretations that could be assigned to the ALJ's comment concerning headache medication for Plaintiff's pseudotumor cerebi condition. The magistrate judge did not definitively conclude

that the ALJ erred with respect to this comment. Rather, the magistrate judge noted that, on remand, the ALJ should clarify that she was discussing a lack of medication with respect to Plaintiff's pseudotumor cerebi condition, rather than suggesting that Plaintiff was off of all medications for all conditions. The Court agrees with the magistrate judge and overrules the Commissioner's sixth objection.

Next, the Commissioner objects to the magistrate judge's conclusion that the ALJ's RFC did not account for all of the Plaintiff's supportable symptoms. The Commissioner maintains that the ALJ's decision "plainly shows" she was "summarizing a treatment note" concerning Plaintiff's need to lie down upon the onset of a headache attributable to her pseudotumor cerebi condition, rather than "fully accepting Plaintiff's claim of headache frequency." A review of the ALJ's decision does not "plainly show" that the ALJ rejected Plaintiff's need to lay down to alleviate her headache symptoms:

> Despite the positive testing, the follow-up notes indicate that the claimant's symptoms have been fairly stable. In fact, as of January of 2015, it was noted that the claimant was now off all of her medications for this condition; her visual acuity was 20/25 on the right and 20/20 on the left, and her occasional headaches resolve with lying flat. While severe, this condition does not preclude the claimant from working. In fact, the claimant is now off all medications and the treatment notes indicate that this condition is continuing to improve.

*See* Pg ID 53. It appears from this passage that the ALJ accepted all of the treatment notes she referenced as supportive of Plaintiff's condition, but failed to include the need to lay flat periodically in the RFC. Yet, the vocational expert

testified that the need to lie flat for a substantial period of the workday would preclude competitive unskilled work. This error is not harmless. The Court will overrule the Commissioner's seventh objection.

### C. Objection #8

The Commissioner's eighth objection concerns the magistrate judge's conclusion that the ALJ's discussion of Plaintiff's extreme obesity was sparse and it failed to assess how her obesity affects her other conditions. The Court tends to agree with the Commissioner. The ALJ's obesity discussion was adequate, and Plaintiff never maintained that she possessed limitations as a result of her obesity. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(ALJ must consider obesity, but there is no particular mode of analysis required); *Casey v. Sec'y of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability."). While the Court concludes that the ALJ did not err with respect to her consideration of Plaintiff's obesity, this does not alter the need for remand. The Commissioner's eighth objection is sustained.

### D. Objection #9

The Commissioner also asserts that the ALJ permissibly found daily activities, such as shopping, driving, and caring for children, inconsistent with disabling mental illness. The Court has reviewed Plaintiff's mental health records

and agrees with the magistrate judge. The ALJ cherry-picked the medical records to determine that Plaintiff's mental condition was stable. This resulted in the ALJ's mischaracterization of Plaintiff's mental health condition as previously discussed. The magistrate judge did not err in concluding that the ALJ misrepresented the medical evidence. The Commissioner's ninth objection is overruled.

### E. Objection #10

The Commissioner's last objection concerns the magistrate judge's conclusion that the ALJ's credibility determination was problematic because she based her determination on the Plaintiff's "generally unpersuasive appearance and demeanor" without further explanation. It is well settled that "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Thus, contrary to the Commissioner's argument, the magistrate judge correctly held that the ALJ cannot state, without details and in contravention of the medical evidence, that the Plaintiff's statements were not credible. The ALJ must provide sufficient explanation supporting her credibility determination. The Commissioner's final objection is likewise overruled.

## IV. CONCLUSION

Accordingly, Commissioner's first, second, third, fourth, fifth, sixth, seventh, ninth and tenth objections [#20] are OVERRULED. The Commissioner's eighth objection [#20] is SUSTAINED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Patricia T. Morris' May 31, 2017 Report and Recommendation [#19], GRANTS Plummer's Motion for Summary Judgment [#13], DENIES the Commissioner's Motion for Summary Judgment [#17], and REMANDS this case for further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: September 1, 2017  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 1, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk